UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TROY METZGER, and CHRIS BROWN, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 15-CV-967<br>) |
| v. | )<br>) |
| AUTO RESCUE OF MKE, LLC, INMAN'S AUTO RESCUE LP, and MICHAEL K. INMAN | )<br>)<br>) |
| Defendant. | )<br>) |

**CLASS ACTION COMPLAINT**

**I.  INTRODUCTION**

1.  This case is brought on behalf of individuals who have worked for Inman's Auto Rescue ("Auto Rescue"), as roadside technicians. Auto Rescue provides service to customers in a number of major cities who have been locked out of their car, run out of gas, or suffered a flat tire, by dispatching roadside technicians to assist stranded drivers.

2.  Plaintiffs bring this collective action on behalf of themselves and others similarly situated to challenge Defendant's unlawful practice of misclassifying its roadside technicians as "independent contractors" when they are properly classified as employees.  In so doing, Auto Rescue has violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., by failing to pay them overtime for all time worked in excess of forty hours per week.  Plaintiffs

1

bring this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

3. Plaintiffs further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly situated Auto Rescue roadside technicians, that Defendant was unjustly enriched.

## II. PARTIES

4. Plaintiff Troy Metzger resides in Milwaukee, Wisconsin and worked for Defendant Inman's Auto Rescue as a roadside technician from 2009 until 2014.

5. Plaintiff Chris Brown resides in Milwaukee, Wisconsin and worked for Defendant Inman's Auto Rescue as a roadside technician from 2010 until 2013.

6. Defendant Auto Rescue of MKE, LLC is a Wisconsin corporation with its principal place of business located at 359 Lake Park Road, Suite 124, Lewisville, Texas, 75057. Upon information and belief, this corporation is operated and controlled by Defendant Michael K. Inman.

7. Defendant Inman's Auto Rescue, LP ("Auto Rescue") is a Texas limited partnership with its corporate headquarters located at 359 Lake Park Road, Suite 124, Lewisville, Texas, 75057.

8. Defendant Michael K. Inman is a Texas resident and the sole general partner of Defendant Inman's Auto Rescue, LP. Upon information and belief, he directs and controls the activities of the defendants in this case.

## III. JURISDICTION

9. This Court has general federal question jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 since the plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2

10. This Court has jurisdiction over plaintiffs' Wisconsin state law claims pursuant to 28 U.S.C. Section 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

## IV.    FACTUAL ALLEGATIONS

11. Inman's Auto Rescue or "Auto Rescue" provides roadside services to stranded motorists. Plaintiffs were employed by Inman's Auto Rescue to provide roadside assistance to its clients.

12. As a condition of employment, Auto Rescue requires its roadside auto technicians to sign a contract that mischaracterizes each driver as an "independent contractor" (the "contract"). These contracts are designed to conceal the true nature of the relationship between Auto Rescue and its roadside technicians – that of employer and employee.

13. These contracts are contracts of adhesion and drivers have no ability to negotiate the terms of the contracts.

14. Despite using the label of "independent contractor," Auto Rescue retains the absolute right to control and directs the work of its drivers. It assigns drivers to calls and will punish drivers for failing to accept a call by refusing to give them work for a period of time. Auto Rescue requires drivers to wear particular clothing and adorn their vehicles with branding. It prescribes rules for its drivers regarding who else can be in technicians' vehicles when they go out on calls and how to conduct themselves on calls.

15. The roadside auto technicians provide the very service that Inman's offers – roadside assistance for stranded motorists.

16. The roadside auto technicians are not paid any wages. Instead, they are compensated on a per call basis for each motorist they respond to and assist.

3

17. Auto Rescue's roadside technicians are on call 24 hours a day, 7 days a week and often work well in excess of forty hours per week but are not paid any overtime. For example, named Plaintiff Chris Brown recalls regularly working more than sixty hours a week, particularly during the busy winter months. Likewise, Plaintiff Troy Metzger remembers consistently working more than forty hours a week, though it is difficult for him to recall precise dates because Auto Rescue never provided its workers with wage statements to reflect their hours.

## V. THE COLLECTIVE ACTION

18. Plaintiffs bring the first cause of action on behalf of themselves and all other Auto Rescue roadside technicians who have worked for Defendant, between August 13, 2012, and the date of final judgment in this matter.

19. Plaintiffs bring these counts under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and other Auto Rescue roadside technicians are similarly situated in that they are all subject to Auto Rescue's common plan or practice of classifying couriers as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all weeks worked.

## VI. THE RULE 23 CLASS

20. Plaintiffs Troy Metzger and Chris Brown bring the second cause of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Auto Rescue roadside technicians.

21. Plaintiffs and other class members have uniformly been misclassified as independent contractors and have not been paid overtime for the hours they routinely work beyond forty per week.

22. The members of the class are so numerous that joinder of all class members is impracticable.

4

23. Common questions of law and fact regarding Auto Rescue's conduct in classifying roadside technicians as independent contractors, and failing to ensure they are paid time-and-a-half for all hours worked beyond forty per week, as well as forcing them to pay for necessary business expenses, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

> a. Whether class members have been required to follow uniform procedures and policies regarding their work for Auto Rescue;
>
> b. Whether the work performed by class members—providing roadside assistance to stranded motorists —is within Auto Rescue's usual course of business, and whether such service is fully integrated into Auto Rescue's business;
>
> c. Whether these class members have been deprived of time-and-a-half for the overtime hours they are routinely required to work.
>
> d. Whether Defendants violated Wisconsin's wage laws by failing to pay class members at an overtime rate for all hours worked in excess of forty hours in a workweek;
>
> e. Whether Defendants actions as described in this Complaint were willful violations of Wisconsin law.

24. Named Plaintiffs Troy Metzger and Chris Brown are class members, who suffered damages as a result of Defendant's conduct and actions alleged herein.

25. Plaintiffs' claims are typical of the claims of the class, and they have the same interests as the other members of the class.

26. Plaintiffs Troy Metzger and Chris Brown will fairly and adequately represent and protect the interests of the class. They have retained able counsel experienced in class action litigation. Their interests are coincident with, and not antagonistic to, the interests of the other class members.

27. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
**Unpaid Overtime Under the FLSA**
**(Collective Action)**

29. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Auto Rescue drivers have regularly worked in excess of forty (40) hours per week but have not been paid this premium pay for hours worked beyond 40 in a week. As a direct and proximate result of Defendant's willful unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

6

## COUNT II
### Unjust Enrichment
### (Class Action)

30. As a result of Defendant's mischaracterization of Plaintiffs as "independent contractors," Plaintiffs are forced to pay substantial sums of money for work-related expenses, including but not limited to all costs of operating, insuring and maintaining the vehicles they use to perform their work.

31. Further, by mischaracterizing Plaintiffs as "independent contractors" Defendant evades employment related obligations, such as social security contributions, workers' compensation coverage, and state disability and unemployment compensation. Defendant illegally shifts these costs, including workers compensation insurance and other expenses, to Plaintiffs.

32. By misclassifying its employees as "independent contractors," and further by requiring those employees to pay Defendant's own expenses, Defendant has been unjustly enriched.

## COUNT III
### Unpaid Overtime Under Wisconsin Wage Laws
### (Class Action)

33. Wisconsin Wage Laws, Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.001 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et seq.*, DWD 274.01 *et seq.*, state that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Auto Rescue drivers have regularly worked in excess of forty (40) hours per week but have not been paid this premium pay for hours worked beyond 40 in a week. As a direct and proximate result of Defendant's willful unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages. This claim is brought on behalf of a class of similarly situated individuals, pursuant to Fed. R. Civ. P. 23.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Allow other similarly situated Auto Rescue drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

2. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count II and appoint Plaintiffs Troy Metzger, Chris Brown, and their counsel to represent a class of Auto Rescue drivers;

3. Certify a class action pursuant to Rule 23(b)(2) and (3) under Count III and appoint Plaintiffs Troy Metzger, Chris Brown, and their counsel to represent a class of Wisconsin Auto Rescue drivers;

4. Restitution for all overtime payments that are due to Plaintiffs and the Class because of their misclassification as independent contractors;

5. Restitution for all other benefits due to Plaintiffs and the Class to which they are entitled as employees;

6. Restitution for all of Defendant's operating expenses that Plaintiffs and the Class were forced to bear;

7. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin law;

8. Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

9. Attorney's fees and costs;

10. Any other relief to which the Plaintiffs and the Class members may be entitled.

Respectfully submitted,

TROY METZGER, and CHRIS BROWN,
on behalf of themselves and all others
similarly situated,

By their attorneys,

s/LARRY A. JOHNSON_____
Larry A. Johnson, SBN 1056619
HAWKS QUINDEL, S.C.
222 E Erie St, #210
Milwaukee, WI 53202
(414) 271-8650 (phone)
(414) 271-8442 (fax)
ljohnson@hq-law.com


/s/ Harold L. Lichten
Harold L. Lichten,
Adelaide Pagano,
*Applications for Admission Forthcoming*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

**Date:** August 13, 2015
(617) 994-5800
hlichten@llrlaw.com
apagano@llrlaw.com