UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TROY METZGER and CHRIS BROWN,

                  Plaintiffs,

v.

AUTO RESCUE OF MKE LLC,
INMANS AUTO RESCUE LP, and
MICHAEL K. INMAN,

                  Defendants.

Case No. 15-CV-967-JPS

ORDER

---

The plaintiffs, Troy Metzger and Chris Brown, bring this collective action on behalf of themselves and others similarly situated to challenge the defendants', Auto Rescue of MKE LLC's, Inmans Auto Rescue LP's, and Michael K. Inman's, alleged unlawful practice of misclassifying its roadside technicians as "independent contractors" when they are properly classified as employees, pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") as well as Wisconsin wage laws. (Docket #1). Presently before the Court is the plaintiffs' March 8, 2016 motion for conditional class certification and for judicial notice. (Docket #19). On March 29, 2016, the defendants filed their opposition brief (Docket # 30), and on April 12, 2016, the plaintiffs filed a reply (Docket #36). The motion is now fully briefed and ready for disposition. As discussed more thoroughly below, the Court finds that the plaintiffs' motion is untimely and will, therefore, deny the motion for conditional class certification.

1.     FLSA BACKGROUND

The FLSA permits collective action "against any employer…by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a typical class action

suit under Federal Rule of Civil Procedure 23, where an unwilling plaintiff must "opt out" of the class, a class action pursuant to Section 216(b) of the FLSA requires employees or former employees to "opt in" to the class, by filing a written consent to join the action. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (explaining differences between collective action under the FLSA and class action certified pursuant to Rule 23).

District courts may, in their discretion, facilitate notice to potential plaintiffs to a FLSA collective action, to implement this "opt in" procedure. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Woods*, 686 F.2d at 580. "The critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006).

While the Seventh Circuit has not yet addressed the issue, courts in this district and other districts in this circuit generally employ a two-phase inquiry in determining who is similarly situated and, thus, entitled to notice. *Brabazon v. Aurora Health Care, Inc.*, No. 10-CV-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011). First, the court will allow notice to be sent if the plaintiff can make "'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Adair v. Wisconsin Bell, Inc.*, No. 08–C–280, 2008 WL 4224360, at *3 (E.D. Wis. Sept. 11, 2008). The second step typically occurs after discovery, when the defendant asks the court to determine whether the opt-ins are in fact similarly situated. *Id.*

Because this case is at the first stage, the plaintiff's burden is "fairly lenient." *Brabazon,* at *3 (citing *Adair,* 2008 WL 4224360, at *3). "Moreover, the

determination at this initial phase of inquiry does not involve adjudication of the merits of the claims." *Id.* (citing *Espenscheid v. DirecStat USA, LLC*, 09–C–625, 2010 WL 2330309, at *5 (W.D. Wis. June 7, 2010). The focus of this inquiry is "'not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated…with respect to their allegations that the law has been violated.'" *Id.* (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

2.   DISCUSSION

The plaintiffs request conditional certification and argue they have made a modest showing that they are similarly situated to the putative class members. The plaintiffs allege that the evidence shows that all roadside service technicians have been improperly classified by the defendants as independent contractors, and have been paid a flat rate for the services they perform, without regard to the number of hours they work in a given week. As a result, they have been denied overtime pay in violation of the FLSA. (Pls' Opening Br. at 16, Docket #20).

The defendants oppose the motion and argue that: (1) the plaintiffs' motion is untimely; (2) the collective class action that the plaintiffs request is overly broad; and (3) alternatively, if the Court certifies a collective action, the plaintiffs' proposed notice should be rejected. (Defs' Opp. at 2-3, Docket #30).

The Court finds that the plaintiffs' motion is untimely and, therefore, must be denied. This matter is currently set for trial on July 18, 2016. (Docket #16). During the Rule 16 scheduling conference, the Court explicitly stated that "it's the prerogative of the Court to conclude this matter consistent with Rule 1 of the Federal Rules, as well as the Civil Justice Reform Act of 1990, in midyear next year." (Transcript at 3, Docket #17). Further, in regards to the

Court's scheduling order that was to issue following the hearing, the Court stated: "I would commend everyone to read the order and reread it and reread it again because *it says what it means and it means what it says*. And for lawyers to come in, whether it's on summary judgment or trial, with having completed virtually nothing by way of discovery is, frankly, an insult to the entire process of the administration of justice." (Transcript at 5, Docket #17) (emphasis added).

The parties originally agreed that the deadline for filing a motion for conditional class certification would be January 6, 2016. (Docket #13). While the Court did not explicitly adopt the parties' proposed discovery dates, it noted, however, that "to the extent that they intrude on the Court's schedule, obviously you're going to have to work with one another to bring your preparations in line with the Court's schedule." (Transcript at 4, Docket #17). The plaintiffs, however, did not comply with the Court's explicit instructions.

The plaintiffs' motion for conditional class certification was fully briefed on April 12, 2015. (Docket #36). Under this time constraint, there is simply no way that this case can be ready for trial on July 18, 2016—in approximately 90 days. For example, if the Court were to grant the motion, and even if the Court was able to rule on the motion in a few short days, the plaintiffs' requested 90-day opt-in period would run into the trial date. Further, as described above, the process for class certification in fair labor cases is typically a two-step process where only *after* conditional certification is granted, and *after* further discovery, the Court can then determine whether the opt-in plaintiffs are in fact similarly situated. *Brabazon,* 2011 WL 1131097 at *3. Thus, even if the Court were to shorten the opt-in period to 45 days, as the defendants suggest, there would still be insufficient time before trial to

complete discovery as to the opt-in plaintiffs and to complete additional briefing as to the second stage of class certification.

The Court warned the parties, explicitly, that the trial scheduling order in this branch of the Court *"says what it means and it means what it says."* (Transcript at 5, Docket #17). Had the plaintiffs taken this warning to heart, they would have proceeded with the motion for conditional class certification in a timely fashion that would have allowed this matter to proceed to trial as scheduled. The Court is mindful of the fact that unforseen circumstances may arise such that trial scheduling orders need to be adjusted. However, this is not one of those circumstances, and the Court does not find the plaintiffs' arguments related to moving the trial date to be persuasive. Thus, the Court is obliged to deny the plaintiffs' motion for conditional class certification as untimely.

3. CONCLUSION

The Court finds that the plaintiffs' motion for conditional certification fails to comport with the deadlines imposed in the Court's trial scheduling order. As such, the Court will deny the motion as untimely.

Accordingly,

IT IS ORDERED that the plaintiffs' motion for conditional class certification and for judicial notice (Docket #19) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge