UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TROY METZGER, CHRIS BROWN,
PAUL TADEYESKE, DONNA
TADEYESKE, PAUL "PJ"
TADEYESKE, BRANDON ZINS,
CHRISTJON "CJ" JACKMAN
EDGAR SIBAUSTE, CURTIS
WHITED, DESTRY AUMILLER, JASON
IRWIN, MICHAEL BELVEAL, RICKY
ROBLES-RODRIGUEZ, VICTOR
CONAWAY, BENNY HANEY, BRYCE
WILLIAMS, CHANON HUDSON,
CHRISTOPHER EARLY, DYLAN RULEY,
GARRY ROGERS, HENRY TENNESSEE,
IVAN MORRIS, JARVIS BANKS, JASON
FINDLAY, KRISTOPHER MOORE,
LEON HARRIS, RITA DUNSON, SAM
GILLESPIE, DELONTE SUITER,
and DUANE IBLE,

       Plaintiffs,                CASE NO. 15-CV-967

   v.

AUTO RESCUE OF MKE, LLC,
INMAN'S AUTO RESCUE LP, and
MICHAEL K. INMAN,

       Defendants.

**SETTLEMENT AGREEMENT AND RELEASE**

    This Settlement Agreement and Release (the "Agreement") between defendants Auto Rescue of MKE, LLC, Inman's Auto Rescue, LP, and Michael K. Inman ("DEFENDANTS"), on the one hand, and Plaintiffs Troy Metzger, Chris Brown, Destry Aumiller, Jarvis Banks, Victor Conaway, Rita Dunson, Christopher Early, Sam Gillespie, Leon Harris, Chanon Hudson, Duane Ible, Jason Irwin, Christjon Jackman, Kristopher Moore, Ivan Morris, Ricky Robles, Garry Rogers, Dylan Ruley, Edgar Sibauste, Delonte Suiter, Paul Tadeyeske, Paul "PJ"

1

Tadeyeske, Donna Tadeyeske, Curtis Whited, Bryce Williams, Brandon Zins, Michael Belveal, Henry Tennessee, Benny Haney, and Jason Findlay ("PLAINTIFFS"). PLAINTIFFS and DEFENDANTS are collectively the "Parties."

## RECITALS

WHEREAS, Plaintiffs Metzger and Brown are former roadside assistance technicians for Auto Rescue of MKE, LLC;

WHEREAS, Plaintiffs Metzger and Brown brought a Fair Labor Standards Act ("FLSA") putative collective action against DEFENDANTS, in *Troy Metzger, et al. v. Auto-Rescue of MKE, LLC, et al.,* pending in the United States District Court for the Eastern District of Wisconsin, Case No. 15-cv-967, on behalf of themselves and other similarly situated individuals who worked as Roadside Technicians for Defendants (the "Action");

WHEREAS, the Action alleged that Plaintiffs Metzger and Brown were improperly classified as independent contractors, and therefore deprived of overtime pay under the FLSA and corresponding Wisconsin Wage Law;

WHEREAS, the Action also alleged a claim for Unjust Enrichment;

WHEREAS, DEFENDANTS answered the Complaint, denying that they violated the law in any manner alleged in the Complaint and asserting various affirmative defenses. DEFENDANTS continue to deny that they have misclassified PLAINTIFFS, violated any law or engaged in any wrongdoing whatsoever, or that they are liable to PLAINTIFFS for any unpaid wages, damages, expenses, and penalties or otherwise;

WHEREAS, several PLAINTIFFS—Bryce Williams, Paul Tadeyeske, and Donna Tadeyekse—have also alleged claims of retaliation by DEFENDANTS;

WHEREAS, although Plaintiffs' Motion for Conditional Certification was denied, the PLAINTIFFS signed consent forms and/or contacted PLAINTIFFS' counsel, seeking to join the Action and to be represented by PLAINTIFFS' counsel;

WHEREAS, this Agreement is intended to embody all of the settlement terms and conditions and shall constitute the complete agreement between the Parties; and

WHEREAS, the Parties now desire to resolve this matter and avoid the costs and delays associated with further litigation;

NOW, THEREFORE, in consideration of the above, and for other good and valuable consideration, the Parties agree as follows:

## TERMS

1. The foregoing recitations are true, correct, and incorporated herein.

2

2. DEFENDANTS shall pay PLAINTIFFS $253,000 in settlement of all claims of all PLAINTIFFS, subject to Paragraph 4, below (the "Settlement Amount"). Such amount includes PLAINTIFFS' attorneys' fees and costs, and in no instance will the DEFENDANTS be required to pay more than the Settlement Amount. $83,000 of the Settlement Amount will be apportioned to PLAINTIFFS' counsel as attorneys' fees and costs.

3. The Settlement Amount will be delivered to PLAINTIFFS' counsel Lichten & Liss-Riordan, P.C., within ten (10) business days of the Court's approval of the Agreement.

4. The Settlement Amount, less attorneys' fees and costs as enumerated in Paragraph 2, will be distributed to PLAINTIFFS on a pro rata share based upon PLAINTIFFS' counsel's calculation of alleged overtime pay owed. In addition,

    a. The Settlement Amount will also include incentive payments of $3,000 to Troy Metzger, $3,000 to Chris Brown, and $2,000 to Paul Tadeyeske.

    b. The Settlement Amount will also include a $1,000 payment for compensation for Bryce Williams' alleged claim of retaliation, a $2,500 payment for compensation for Donna Tadeyeske's alleged claim of retaliation, and a $2,500 payment for compensation for Paul Tadeyeske's alleged claim of retaliation. These funds are being paid for settlement purposes only. DEFENDANTS reiterate their objection to these claims and deny these claims have any basis in law or fact.

    c. All Settlement Agreements amounts paid shall be characterized as 1099 income.

    d. Plaintiffs' Counsel will retain $1,000 of the Settlement Amount for sixty (60) days following the issuance of the Settlement shares to the Plaintiffs to assist in resolving any disputes, should they arise. In the event that no disputes arise within those sixty days, Plaintiffs' Counsel will distribute this amount to the Plaintiffs in pro rata shares, proportionate to the shares that were initially distributed to each Plaintiff.

5. The Parties have agreed to an individual release for each of the PLAINTIFFS. The Parties acknowledge and agree that the Settlement Agreement resolve a bona fide dispute regarding the payment of overtime wages, liquidated damages, and legal fees and costs as between DEFENDANTS and each PLAINTIFF. A template release is attached hereto as **Exhibit A.**

6. This Agreement is entered into for the sole purpose of concluding all disputes, pled or not pled, between the Parties. Neither this Agreement nor its contents is an admission of any liability by the DEFENDANTS.

7. The Parties agree to keep the negotiation, existence, and terms of this Agreement confidential as follows:

3

a. Unless required by law, or pursuant to a lawfully issued subpoena, the Parties and their counsel agree that they will not disclose the negotiation, existence, and/or terms of this Agreement, except to their attorneys, accountants, and auditors.

b. The Parties agree that neither the Parties nor their counsel will publicize at any time, before or after execution of this Agreement, the existence or terms of this Agreement, its Exhibits, or the events leading up to its execution, including but not limited to the investigation, litigation, and/or settlement of the Action (the "Non-Publicized Information"). Prohibited acts of publicity include the disclosure of Non-Publicized Information through issuance of a press release, discussing it with media sources, posting it on a website, posting it on social media channels, including Facebook and Twitter, or via any other method in any other public or private forum.

c. PLAINTIFFS shall not publish or utter, whether in writing or orally, any negative or disparaging statements about the character, competence, business practices (including but not limited to employment practices), products or services of DEFENDANTS or any of the DEFENDANTS offers, agents, employees, subsidiaries, or related entities. The foregoing shall not preclude PLAINTIFFS, however, from giving truthful information pursuant to subpoena or lawful discovery request, in communicating with a governmental agency regarding matters within its jurisdiction, or as otherwise required or protected by law.

d. If asked about this Agreement or any of its terms, PLAINTIFFS' counsel will state only that: "The matter has been resolved and we are not and will not be dealing with Auto Rescue any further." PLAINTIFFS' counsel further agrees it will not solicit individuals for further action against DEFENDANTS.

8. PLAINTIFFS and PLAINTIFFS' counsel understand and agree that if they violate Paragraph 7, above, they will be liable for, and DEFENDANTS are entitled to receive from the violating party, the total amount of payments the violating party received from DEFENDANTS under this Agreement as damages for said breach.

9. This Agreement shall be construed, interpreted, and governed in accordance with the laws of the State of Wisconsin. Any dispute arising from this Agreement shall be venued in Milwaukee, Wisconsin.

10. If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

11. The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

12. This document and the corresponding Individual Releases constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements.

13. The Parties to this Agreement, and each of them, represent that no promise, inducement or agreement not herein expressed has been made regarding the Agreement; that in executing this Agreement, they have had the opportunity to consult with and receive advice from an attorney; that they have executed this Agreement freely and voluntarily, with full knowledge of all material facts after independent investigation and without fraud, duress or undue influence of any kind or nature whatsoever; and that they have read the Agreement and fully understand each and every provision contained therein.

14. This Agreement and each provision hereof shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, successors and assigns.

Dated this \_\_\_\_ day of June, 2016.

By: _____

**LICHTEN & LISS-RIORDAN, P.C.**
Harold L. Lichten (admitted *pro hac vice*)
Email: hlichten@llrlaw.com
Thomas Fowler (admitted *pro hac vice*)
Email: tfowler@llrlaw.com
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 994-5800

**HAWKS QUINDEL, S.C.**
Larry A. Johnson, State Bar No. 1052017
Email: ljohnson@hq-law.com
222 E. Erie Street, Suite 210
Milwaukee, Wisconsin 43202
Telephone: (414) 271-8650

*Attorneys for Plaintiffs*

By: _____

**MICHAEL BEST & FRIEDRICH LLP**
Paul E. Benson, SBN 1001457
pebenson@michaelbest.com
Benjamin A. Kaplan, SBN 1082802
bakaplan@michaelbest.com
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Telephone: (414) 271-6560
*Attorneys for Defendants, Auto Rescue of MKE, LLC, Inman's Auto Rescue LP, and Michael K. Inman*

6

Case 2:15-cv-00967-JPS   Filed 07/25/16   Page 6 of 9   Document 67-1

# EXHIBIT A

# EXHIBIT A TO SETTLEMENT AGREEMENT

# CONFIDENTIAL RELEASE

I, _____, in exchange for good and valuable consideration in the amount of $_____, less all relevant taxes and other withholdings (the "Payment"), do hereby release and discharge Auto Rescue of MKE, LLC; Inman's Auto Rescue LP; and Michael K. Inman ("Defendants"), and any and all of Defendants' officers, agents, employees, attorneys, shareholders, directors, insurers, affiliates, subsidiaries, related corporations, successors, heirs and assigns of such corporations (collectively, including Defendants, the "Released Persons and Entities") from any and all sums of money, causes of action, claims, demands or liabilities, for payment of unpaid overtime wages or other compensation arising out of my relationship with Defendants, whether known or unknown, which I either have had or now have against any such Released Persons and Entities.

This Confidential Release applies to any and all claims, causes of action, demands, damages or liabilities I have had or now have against the Released Persons and Entities up to the date of my execution of it for:

(1) Any back wages (including minimum wages and overtime pay) or liquidated damages allegedly owed to me by Defendants and/or the Released Persons and Entities, under the Federal Fair Labor Standards Act, as amended ("FLSA"), <u>Wis. Stats. Chapters 103 and 109, and Wis. Admin Code §§ DWD 272 and 274 [OR RELEVANT STATE STATUTE TO THE RESPECTIVE PLAINTIFF]</u>;

(2) Claims for unpaid minimum and overtime pay in the form of breach of contract, whether express or implied, promissory estoppel, quantum meruit or unjust enrichment;

(3) Any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure; and

(4) Any and all other all claims, demands, liabilities, debts and causes of action of any kind.

I agree I have been given sufficient time to read this document prior to my execution of it, and understand its terms. I have been given the opportunity to consult with counsel for the proposed class in this matter, and/or the attorney of my choosing, about the legal effect of this document.

I understand that by signing this Confidential Release, I voluntarily and knowingly waive all claims for payment of state and federal claims for unpaid minimum wages, overtime wages and liquidated damages arising out of my relationship with Defendants, against the Released Persons and Entities in exchange for the payments identified above. I understand that I am only

1

releasing claims I have for unpaid wages and/or liquidated damages arising out of my relationship with Defendants.

      I further acknowledge and agree that the Payment constitutes full payment for all unpaid hours I worked between August 13, 2012 and the date of execution of this Release, that I could have sought relief for under the FLSA and the Wisconsin [OR STATE RELEVANT TO PLAINTIFF] statutes and regulations cited above, and that this is a fair resolution of any claims I may have or had to wages, overtime pay, and liquidated damages for that period.

      I further understand and acknowledge that neither Defendants nor the other Released Persons and Entities admit to any wrongdoing or violation of law or regulation of any kind, including under the FLSA or the Wisconsin [OR STATE RELEVANT TO PLAINTIFF] statutes and regulations cited above, and expressly deny the same.

      Finally, I further agree to keep the fact of my receipt of the Payment, its amount, and all terms of this Confidential Release and its attached cover letter confidential, and may not disclose any of this information to anyone but my spouse (if applicable), attorney, local, state and federal taxing authorities, tax advisers, or as otherwise as compelled by law. In the event that I am subpoenaed to testify about matters covered by this Confidential Release I will advise Defendants within 7 business days of receipt of the subpoena so that Defendants may take whatever action it deems necessary with regard to the sought after testimony. I further agree that I will immediately cease all efforts to locate or identify other individuals that I believe may have claims against Defendants or to suggest to others that they may have valid claims against Defendants, and agree to not make said efforts in the future. I will not make posts to websites or any other public communication regarding the existence of any past, present, or future lawsuits against Defendants.  I agree not to make any statements, written or verbal, or cause or encourage others to make any statements that defame, disparage or criticize the personal or business reputation, practices, or conduct of Defendants, their employees, directors, and/or officers. I acknowledge and agree that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, industry analysts, competitors, partners, vendors, employees (past and present), independent contractors (past and present), and clients. I understand and agree that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that Defendants would be irreparably harmed by violation of this provision. **I understand and agree that if I or my spouse disclose any of this information to anyone else other than those individuals specifically permitted above, that I will be liable for, and Defendants entitled to receive from me, the Payment in liquidated damages for said breach.**

      Dated this____ day of _____, 2016.

                                                          _____
                                                          [Roadside Technician name]