UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TROY METZGER and CHRIS BROWN,<br><br>          Plaintiffs,<br>v.<br><br>AUTO RESCUE OF MKE LLC,<br>INMANS AUTO RESCUE LP, and<br>MICHAEL K. INMAN,<br><br>          Defendants. | Case No. 15-CV-967-JPS<br><br><br><br>ORDER |

On June 2, 2016, the parties filed a letter notifying the Court they reached a settlement. (Docket #60). On July 11, 2016, the Court issued an order denying the parties' request to restrict their settlement papers, and allowed the parties additional time to adjust the proposed settlement agreement in light of that ruling. (Docket #65). On July 25, 2016, the parties resubmitted their joint motion for settlement approval (Docket #67), and a joint motion to amend/correct the complaint (Docket #68).

First, the Court considers the parties' motion to amend/correct the complaint. During the course of a mediation, the parties contacted the Court seeking a broader settlement on the claims of a number of other individuals who either signed consent forms or contacted the plaintiffs' counsel expressing their desire to be involved in this case. In light of the Court's indication that it will consider an amended complaint, the parties submitted a proposed amended complaint that includes twenty-eight additional drivers as plaintiffs. (Docket #68-1). The Court approves of the parties' desire to effectuate a broader settlement and resolve these matters efficiently and, as such, will grant the joint motion to amend/correct the complaint. (Docket #68).

Second, the Court considers the parties' proposed settlement agreement. (Docket #67-1). After reviewing the terms of the settlement agreement, the Court finds the parties' settlement constitutes "a fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq. Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). As such, the Court will approve the parties' settlement agreement and dismiss this action. The Court will further order that the agreed settlement amounts be distributed in the manner set forth in the settlement agreement.

Finally, the Court will address the pending motions that the Court previously withheld ruling upon in light of the parties' notice of settlement. As to the defendants' motion for partial summary judgment, the Court will deny the motion as moot. (Docket #40). As to the parties' motions to restrict documents related to summary judgment (Docket #39, #56), the Court will grant these motions in light of the fact that all issues related to summary judgment are moot and the Court need not consider these exhibits.

Accordingly,

IT IS ORDERED that the parties' joint motion for approval of the settlement agreement (Docket #67) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the parties' settlement agreement (Docket #67-1) be and the same is hereby APPROVED; the agreed settlement amounts shall be distributed in the manner set forth in the settlement agreement;

IT IS FURTHER ORDERED that the parties' joint motion to amend/correct the complaint (Docket #68) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the parties' motions to restrict (Docket #39, #56) be and the same are hereby GRANTED;

IT IS FURTHER ORDERED that the parties' original motion for settlement approval (Docket #63) and motion to amend/correct the complaint (Docket #64) be and the same are hereby DENIED as moot;

IT IS FURTHER ORDERED that the defendant's motion for partial summary judgment (Docket #40) be and the same be hereby DENIED as moot; and

IT IS FURTHER ORDERED that, in accordance with the parties' settlement agreement, this matter be and the same is hereby DISMISSED.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge